IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUI XIANG LI (#A15-679-126), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2699 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Petitioner Rui Xiang Li (#A15-679-126) filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued confinement by the United States immigration officials. The respondents have filed a motion to dismiss the petition as moot because Li has been released from custody. (Doc. # 10). After considering all of the pleadings in the record, the Court grants the respondents' motion and **dismisses** this case as **moot** for reasons set forth briefly below.

I. **DISCUSSION**

Li is a native and citizen of China. He is subject to a final order of removal entered against him by an immigration judge. According to the petition filed by Li, he was taken into custody in January of 2006, awaiting his removal to China.

In August of 2006, Li filed the pending petition for a federal writ of habeas corpus on the grounds that his continued confinement for longer than six months was unreasonable and that his release was required by *Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that

aliens may be detained only for a "presumptively reasonable period" of six months if it is shown that there is no significant likelihood of removal in the reasonably foreseeable future). In response to the petition, the respondents have presented evidence that Li was released from custody on October 10, 2006, onto a form of supervised release or parole. The respondents argue, therefore, that Li's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Li's pending habeas corpus petition challenged only his continued detention, his release from custody leaves nothing for this Court to remedy.[1] *See id.* at 18. The Court concludes, therefore, that Li's petition is moot and must be dismissed.

---

[1] Li has not filed a response to the motion. Moreover, Li has not contacted the Clerk's Office to provide a current address since his release from confinement, as required by Rule 83.4 of the Local Rules for the United States District Court for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address.

**II.     CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** that this case is **DISMISSED**, with prejudice, as **MOOT**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **November 21, 2006.**

Nancy F. Atlas
United States District Judge